[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 16, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11810
Non-Argument Calendar

_____

D. C. Docket No. 07-00104-CR-W-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NORMAN EVANS MCELROY, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(November 16, 2009)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Norman McElroy appeals the 20-year sentence imposed following his conviction on two counts of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). He challenges the sentence on three grounds, arguing that the district court erred in admitting nine victim impact statements under 18 U.S.C. § 3771, that he should not have received a five-point offense level enhancement under U.S.S.G. § 2G2.2(b)(3)(B), and that his sentence was substantively unreasonable in violation of 18 U.S.C. § 3553(a).

## I. BACKGROUND

Pursuant to an investigation concerning child pornography uploaded to an online user group, the FBI discovered 2,670 images of child pornography on two computers used by Norman McElroy. In subsequent interviews with FBI agents, McElroy admitted using the machines to download, view, and store sexually explicit images of children. He also admitted uploading three images of child pornography to the online user group in exchange for the ability to view other images posted to that group. McElroy ultimately entered a guilty plea on both § 2252A(a)(2)(A) counts.

At his sentencing hearing, McElroy objected to the government's introduction of nine victim impact statements on the ground that the authors had not been established as victims of his crimes. McElroy also objected to a five-

level enhancement under U.S.S.G. § 2G2.2(b)(3)(B) for distributing material involving the sexual exploitation of a minor "for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain," arguing that no evidence supported a finding that he expected to receive anything of value when he uploaded images to the online user group. The district court overruled both objections.

After determining the advisory Guidelines range to be 210 to 262 months, the district court imposed a sentence of 240 months on each count, to be served concurrently. McElroy objected to the sentence as unreasonable under 18 U.S.C. § 3553(a) because it created an unwarranted sentencing disparity among similarly situated defendants. The district court overruled the objection, and McElroy timely appealed.

## II. STANDARD OF REVIEW

We will not overturn the district court's evidentiary rulings absent clear abuse of discretion. *United States v. Veltmann*, 6 F.3d 1483, 1491 (11th Cir. 1993). With respect to the court's application of the Sentencing Guidelines, we review its factual findings for clear error and its determinations regarding the appropriateness of a sentencing enhancement on those facts *de novo*. *United States v. Walker*, 490 F.3d 1282, 1299 (11th Cir. 2007).

We review sentencing decisions for an abuse of discretion, reviewing for both significant procedural errors and substantive reasonableness under the totality of the circumstances. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). In applying this deferential standard, "we recognize that there is a range of reasonable sentences from which the district court may choose." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). Although we do not presume a sentence within the advisory Guidelines range to be reasonable, *United States v. Campbell*, 491 F.3d 1306, 1313 (11th Cir. 2008), when the district court imposes such a sentence, "we ordinarily will expect that choice to be a reasonable one," *Talley*, 431 F.3d at 788.

## III. DISCUSSION

On appeal, McElroy argues that the authors of the victim impact statements considered by the district court are not "victims" within the meaning of the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771, because they were not "directly and proximately harmed as a result" of his crimes, *id.* § 3771(e). Specifically, he argues that the children in the images found on his computers were victims of the *creation* of the pornography depicting them, not victims of his receipt and distribution thereof. As we have previously emphasized, however, "[t]he distribution of photographs and films depicting sexual activity by juveniles is

4

intrinsically related to the sexual abuse of children[,] . . . and the harm to the child is exacerbated by their circulation." *Pugh*, 515 F.3d at 1196 (quoting *New York v. Ferber*, 458 U.S. 747, 759 (1982)).  Even those "who 'merely' or 'passively' receive or possess child pornography *directly* contribute to this continuing victimization," *United States v. Goff*, 501 F.3d 250, 259 (11th Cir. 2007) (emphasis added), and if "criminal behavior causes a party direct and proximate harmful effects, the party is a victim under the CVRA," *In re Stewart*, 552 F.3d 1285, 1288 (11th Cir. 2008).

The government produced evidence at McElroy's sentencing hearing that the victim impact statements had been written by children and the parents of children[1] depicted in pornographic images found on McElroy's computers.  These children were victims of McElroy's crimes.  Under the CVRA, "[a] crime victim has . . . [t]he right to be reasonably heard at any public proceeding in the district court involving . . . sentencing."  18 U.S.C. § 3771(a), (a)(4).  Moreover, sentencing judges "may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information [they] may consider, or the source from which it may come."  *United States v. Rodriguez*, 765 F.2d 1546, 1555 (11th

---

[1] "In the case of a crime victim who is under 18 years of age, . . . the legal guardians of the crime victim . . . may assume the crime victim's rights under [the CVRA] . . . ."  18 U.S.C. § 3771(e).

Cir. 1985) (quoting *United States v. Tucker*, 404 U.S. 443, 446 (1972)). The district court, therefore, did not abuse its discretion by considering the victim impact statements.

McElroy's challenge to his five-level sentencing enhancement under U.S.S.G. § 2G2.2(b)(3)(B) is similarly unavailing. "'Distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain' means any transaction . . . that is conducted for a thing of value, but not for profit." U.S.S.G. § 2G2.2(b)(3)(B), comment. (n.1) (2008). "Things of value" may include "child pornographic material received in exchange for other child pornographic material bartered in consideration for the material received." *Id.*; *accord United States v. Bender*, 290 F.3d 1279, 1286 (11th Cir. 2002). McElroy admitted uploading three images of child pornography to an online user group in exchange for the ability to view other child pornography. Accordingly, the district court did not err in its application of U.S.S.G. § 2G2.2(b)(3)(B).

Finally, we conclude that McElroy's sentence was reasonable. The district court properly calculated the advisory Guidelines range and acknowledged McElroy's arguments regarding the relevant factors under 18 U.S.C. § 3553(a). The district court was not obligated to discuss each of the section 3553(a) factors individually, and its "acknowledgment . . . that it ha[d] considered the defendant's

6

arguments and the factors in section 3553(a) [wa]s sufficient" to support a sentence within the advisory Guidelines range under the circumstances of this case. *Talley*, 431 F.3d at 786.

In light of our conclusions that the district court did not abuse its discretion in considering the victim impact statements, did not err in enhancing McElroy's offense level under U.S.S.G. § 2G2.2(b)(3)(B), and imposed a reasonable sentence, we affirm the judgment and sentence of the district court.

**AFFIRMED.**